**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

DANIEL MCCRAVY, individually; and     CASE NO.:
SOUTHFORK TRANSPORTATION, LLC,
a Florida limited liability company,

     Plaintiffs,

v.

UNITED STATES ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF
FLORIDA, and the FEDERAL BUREAU
OF INVESTIGATION,

     Defendants.

_____/

## COMPLAINT

Plaintiffs, DAN MCCRAVY ("McCravy") and SOUTHFORK TRANSPORTATION, LLC ("Southfork") (McCravy and Southfork are collectively "**Plaintiffs**"), hereby files this Complaint against the UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF FLORIDA ("**USAO**"), and the FEDERAL BUREAU OF INVESTIGATION ("**FBI")** (collectively, the "**Defendants**"), and in support thereof states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for declaratory judgment and injunctive relief brought under the Privacy Act of 1974, 5 USC § 552a, and 26 USCS § 6103, and Freedom of Information Act, 5 UCSC § 552 ("**FOIA**"), seeking the Court to authorize and compel the disclosure of records maintained by USAO and FBI to Plaintiff, which records pertain to the Plaintiffs, who are victims of crimes which were investigated by the FBI and ultimately prosecuted by the USAO in the criminal case *United States v. Mitjans, et. al.,* 22-CR-60084-RS (S.D. Fla.) ("**Criminal Case**").

2.      The USAO denied Plaintiff's request to provide responsive documents, citing *Touhy* regulations, 28 CFR § 16.22 *et seq.*, and law enforcement privilege.

{80299.09000.01035635. 3 }                Page **1** of **10**

3.    The FBI denied Plaintiff's request to provide responsive documents, citing *Touhy* regulations and the Privacy Act of 1974 (5 USC § 552a(b)), and requiring an order from federal court authorizing the FBI's disclosure of records to retired FBI Special Agent Angel Martinez ("**SA Martinez**") and the Plaintiffs.

4.    This action is accordingly filed to obtain such order authorizing the FBI's disclosure of records to SA Martinez and the Plaintiffs.

5.    All conditions precedent to the bringing of this action have been satisfied, discharged, excused, or waived.

## JURISDICTION, VENUE & PARTIES

6.    This Court has jurisdiction over this matter pursuant to 5 USC § 552a(g)(1)(B) and 5 USCS § 552(a)(4)(A), which grant jurisdiction to the federal courts for civil actions brought under the Privacy Act of 1974 and FOIA, respectively.

7.    Venue is proper in this district under 5 USC § 552a(g)(5) and 5 USCS § 552(a)(4)(A) because the Plaintiff resides in this district, the records are located in this district, and the related Criminal Case (to which the records pertain) was investigated, prosecuted, and resolved in this district.

8.    Plaintiff, DANIEL MCCRAVY, is an individual resident of Martin County, Florida, and is otherwise *sui juris*.

9.    Plaintiff, SOUTHFORK TRANSPORTATION, LLC, is a Florida limited liability company with its principal place of business in Martin County, Florida, and is otherwise *sui juris*.

10.    Defendant, UNITED STATES ATTORNEY'S OFFICE OF THE SOUTHERN DISTRICT OF FLORIDA, is *sui juris*.

11.    Defendant, FEDERAL BUREAU OF INVESTIGATION, is *sui juris*.

## GENERAL ALLEGATIONS

12. McCravy is the sole owner and principal of Southfork, a Department of Transportation registered trucking company in the business of transporting gasoline by tanker trucks to fuel distributors and fuel stations throughout the southeast.

13. In or around 2020, McCravy discovered that several of Southfork's drivers and independent contractors, as well as their associates, were acting in concert and perpetrating schemes to steal gasoline from Port Everglades, Plaintiffs, and Plaintiffs' customers, and sell the fuel to third parties on the black market.

14. The FBI conducted an investigation over a period of at least two years, including obtaining statements, creating forensic accounting and statistical analyses, and performing surveillance and GPS monitoring. Over the course of the investigation, Plaintiffs provided FBI agents with all of their records relevant to the investigation, including theirrecords which related to the damages incurred due the stolen fuel schemes.

15. As a result of the FBI's investigation, the United States Attorney's Office filed charges in the Southern District of Florida Criminal Case against defendants Julio Mitjans, Kirk Russell, Carl Wallace, Damion McDonald, Yanko Rodriguez, Lazaro Agueros, Mario Yanes Nunez, and MD Golum Mahbub (collectively, the "**Criminal Defendants**") in the matter of *United States v. Mitjans, et. al.,* Case Number 22-CR-60084-RS (S.D. Fla.) ("**Criminal Case**"). *See* Information at *Exhibit "A."*

16. The FBI and USAO preserved copies of the records developed during both the investigation and prosecution, and accordingly each maintain a "system of records" as defined by 5 USC § 552(a)(5) related to the investigation and prosecution, containing information on the Plaintiffs and Criminal Defendants that is retrievable by their names or other unique identifiers.

17. As of the date of this filing, there are still open arrest warrants against an additional two subjects, Gilbert Miller and Verna Miller, who are currently fugitives from justice residing

outside of the United States.

18.     However, the Criminal Defendants who were indicted all pled guilty to the charges, and on or around July 14, 2022, the Criminal Defendants all submitted Factual Proffers in Support of Guilty Plea. *See* Factual Proffers at *Exhibit "B."*

19.     Judgments were entered against, and sentences imposed on, the Criminal Defendants on or about September 23, 2022. *See* judgments and sentences at *Exhibit "C."*

20.     Accordingly, it has been legally established that the specific criminal acts described in the Factual Proffers and otherwise were in fact committed.

21.     However, while restitution was ordered as a part of the Criminal Defendants' sentences, Plaintiffs have not received a cent of any restitution paid, and have suffered significant financial harm as a result of the stolen fuel schemes for which it has not been compensated.

22.     In an effort to make itself whole, Southfork filed a civil suit against the Criminal Defendants, their associates and related businesses, and additional independent contractors, in the Circuit Court of Martin County, Florida, in the matter of *Southfork Transportation, LLC v. Highland Tank Lines, Inc., et. al.*, Case Number 432022CA000164CAAXMX ("**Civil Case**"), on February 23, 2022.

23.     In the Civil Case, Plaintiffs are seeking the entry of judgments and award of damages against the Civil Case defendants in connection with the stolen fuels schemes and Criminal Case for breach of contract, tortious interference with an advantageous business relationship, violation of Section 772.103, Florida Statutes, civil conspiracy, violation of Section 772.11, Florida Statutes, and fraudulent concealment.

24.     The Civil Case is set for trial in October 2025.

25.     In preparation for trial in the Civil Case, Plaintiffs issued a Subpoena Duces Tecum Without Deposition to the USAO on January 24, 2025, requesting case files and other information

pertaining to the investigation, prosecution, indictment and conviction of the Criminal Defendants, transcripts of plea agreements, copies of video and audio surveillance recordings and surveillance logs, power point presentations produced as a result of the investigation, statistical analyses created by case agents and forensic accountants, all documents provided to defense counsel in the Criminal Case, and maps and overlays of all of the facilities and premises involved in the investigation, prosecution, indictment and conviction of the Criminal Defendants ("**Requested Records**"). *See* Subpoena Duces Tecum at *Exhibit "D."*

26.     The Requested Records each qualify as a "record" contained within a "system of records" as defined in 5 USC § 552a(a)(4)-(5).

27.     In the Subpoena Duces Tecum to the USAO, Plaintiffs also provided sufficient identifying information to enable the USAO to locate all responsive records, identifying the system of records requested, and specified that documents which would reveal the identities of confidential human sources and/or cooperating witnesses were not included in the scope of the request. Plaintiff also indicated that they would redact any mention of the fugitives' names.

28.     USAO issued a response to counsel for Plaintiffs dated February 12, 2025, indicating that Plaintiffs' Subpoena Duces Tecum was insufficient in that it did not comply with *Touhy* regulations. However, USAO further stated that law enforcement privilege prevents satisfaction of the Records Request due to the open warrants for the fugitives. Notably, however, the response fails to notify Plaintiffs of their right to appeal the USAO's determination. *See* response at *Exhibit "E."*

29.     In a follow up call with Assistant United States Attorney Alicia H. Welch, Esq., Ms. Welch informed the undersigned that even if the records request was resubmitted in compliance with the *Touhy* regulations, the open warrants and law enforcement privilege precluded the disclosure of the Requested Records.

30.     On July 21, 2025, Plaintiffs issued a Subpoena Duces Tecum for Appearance at Trial to SA Martinez, requesting the disclosure of the same Requested Records and including the same provisions as to the scope of the request and redaction of fugitives' names. *See* Subpoena Duces Tecum at *Exhibit "F."*

31.     The FBI subsequently issued a response to counsel for Plaintiffs dated August 20, 2025, advising that the request must comply with 28 CFR § 16.21 *et. seq.* and the Privacy Act of 1974 (5 USC § 552a), *and* that the FBI could not release the records without the notarized consent of each record subject or an order from federal court authorizing the disclosure. *See* response at *Exhibit "G."*

32.     The responses from USAO and FBI make it clear that any effort by Plaintiffs to strictly adhere to the administrative procedures for Privacy Act and FOIA requests would be futile and ultimately unsuccessful.

33.     Plaintiffs submitted their affidavit describing the nature of the Civil Case litigation, the specific information requested, the relevance of the information to the Civil Case proceedings, and the scope of testimony sought, to the FBI on or about September 8, 2025.

34.     However, as there are still pending warrants for two subjects of the Criminal Case, who fled the country to abscond from justice and whose whereabouts are not currently known, it is not possible for Plaintiffs to obtain notarized consents from each record subject.

35.     Moreover, time is now of the essence as Plaintiffs' trial date in the Civil Case fast approaches, creating unique circumstances supporting the relief requested herein.

36.     The Requested Records are relevant (and critical) to Plaintiffs and their prosecution of the Civil Case because the records detail how the Criminal Defendants perpetrated the stolen fuel schemes, the mechanics of the stolen fuel schemes, the identity of all parties found to be involved in the stolen fuel schemes, the level of involvement of each defendant and record subject

in the stolen fuel schemes, and Plaintiff's victimization by the Criminal Defendants and record subjects, and also quantify Plaintiff's damages as a result of the Criminal Defendants' and record subjects' wrongful actions.

37.     Furthermore, Plaintiffs are no longer in possession of its own original documents and records which they supplied to the FBI during the investigation, and which would be contained in the Requested Records.

38.     The USAO and FBI are the only agencies and/or individuals in possession of the Requested Records and information critical to Plaintiffs' Civil Case.

39.     Without the Requested Records, Plaintiffs will be prejudiced and unable to substantiate their damages at trial in the Civil Case, identify the scope of involvement of each Civil Case defendant, and appropriately proportion the damages it incurred to each defendant.

40.     Plaintiffs have no other recourse to obtain the Requested Records (including its own records produced to the FBI) other than by seeking this Court's authorization for the disclosure of the Requested Records under the Privacy Act of 1974.

41.     In consideration of the foregoing, it is evident that the interests of justice demand the disclosure of the Requested Records.

42.     All conditions precedent to the bringing of this action have been satisfied, discharged, excused, or waived.

**<u>COUNT I:</u>**
**<u>INJUNCTIVE RELIEF TO COMPEL PRODUCTION OF RECORDS TO PLAINTIFF</u>**
**<u>UNDER PRIVACY ACT OF 1974 AND FOIA</u>**

43.     Plaintiffs incorporate the General Allegations of paragraphs twelve (12) through forty-two (42) as if fully set forth herein.

44.     This is an action for injunctive relief pursuant to the Privacy Act of 1974, 5 USC § 552a, and FOIA, 5 USCS § 552, seeking entry of an order compelling Defendants to produce the

improperly withheld Requested Records to Plaintiffs.

45.    Plaintiffs will suffer immediate and irreparably injury and prejudice unless the Court authorizes the Defendants to disclose the Requested Records as requested herein, since they are necessary for Plaintiffs' proof in the Civil Case. As such, the nature and extent of the injury and prejudice to Plaintiffs are unknown and cannot be accurately calculated, and Plaintiffs are without an adequate remedy at law.

46.    Plaintiffs have a clear legal right, since FOIA and the Privacy Act of 1974 both provide for injunctive relief, and all conditions precedent to this action have been satisfied, discharged, excused, or waived. *See* 5 USC § 552a;  26 USCS § 6103; and 5 UCSC § 552.

47.    Authorizing the disclosure of the Requested Records will serve the public interest, because it furthers the rights of citizens and entities to obtain disclosure of information as provided by law. The public's interest in enforcement of laws will be served by entering the relief requested. On balance, the harm to Plaintiffs if the requested relief is not granted will far outweigh any potential harm to Defendants if the requested relief is granted. Absent the requested relief, Plaintiffs risk the loss of the Southfork business and a prejudicial inability to further pursue the Civil Case successfully through trial.

**WHEREFORE**, Plaintiffs, DANIEL MCCRACY and SOUTHFORK TRANSPORTATION, LLC, respectfully request that the Court enter an Order (1) declaring that the USAO and FBI are authorized to disclose the Requested Records to Plaintiffs, (2) requiring the USAO and FBI to produce the Requested Records to Plaintiffs within seven (7) days of entry of an Order authorizing the disclosure, and (3) providing any such other and further relief as the Court deems necessary and appropriate.

## COUNT II:
## DECLARATORY JUDGMENT OF AUTHORIZATION TO RELEASE REQUESTED RECORDS TO PLAINTIFF UNDER PRIVACY ACT OF 1974

48.     Plaintiffs incorporate the General Allegations of paragraphs twelve (12) through forty-two (42) as if fully set forth herein.

49.     This is an action for declaratory judgment pursuant to the Privacy Act of 1974, 5 USC § 552a.

50.     There is an actual, bona fide, practical, and present need for a declaration that the FBI and/or USAO are authorized to disclose the Requested Records to Plaintiffs.

51.     A present controversy exists between the USAO and/or FBI and Plaintiffs regarding the disclosure of the Requested Records, which are critical to Plaintiffs' Civil Case and the interests of justice.

52.     The relief sought herein is not merely for the giving of legal advice by the Court or to answer questions propounded from curiosity, and law enforcement processes will not be adversely affected by the disclosure of the Requested Records.

53.     Here, however, refusal to disclose or to authorize the disclosure of the Requested Records to Plaintiffs will have an adverse effect on Plaintiff, causing irreparable harm.

**WHEREFORE**, Plaintiffs, DANIEL MCCRACY and SOUTHFORK TRANSPORTATION, LLC, respectfully request that the Court enter an Order (1) declaring that the USAO and FBI are authorized to disclose the Requested Records to Plaintiffs, (2) requiring the USAO and FBI to produce the Requested Records to Plaintiffs within seven (7) days of entry of an Order authorizing the disclosure, and (3) providing any such other and further relief as the Court deems necessary and appropriate.

DATED this 8th day of September 2025.

Respectfully submitted,

**JECK HARRIS**
*Attorneys for Plaintiff*
790 Juno Ocean Walk, Suite 600
Juno Beach, Florida 33408

Telephone: (561) 746-1002

By: */s/ David K. Markarian*
DAVID K. MARKARIAN, ESQ.
Florida Bar No. 480691
dmarkarian@jeckharris.com
DAVID R. GLICKMAN, ESQ.
Florida Bar No. 118685
dglickman@jeckharris.com
eservice@jeckharris.com

{80299.09000.01035635. 3 }