UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-14325-CIV-MARTINEZ

DANIEL McCRAVY and SOUTHFORK
TRANSPORTATION, LLC,

      Plaintiffs,

v.

UNITED STATES ATTORNEY'S OFFICE FOR
THE SOUTHERN DISTRICT OF FLORIDA and
FEDERAL BUREAU OF INVESTIGATION,

      Defendants.

_____/

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, United States Attorney's Office for the Southern District of Florida ("USAO") and Federal Bureau of Investigation ("FBI"), each a component of the United States Department of Justice, move to dismiss the Complaint (ECF No. 1) filed by Plaintiffs Daniel McCravy and Southfork Transportation, LLC, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  In support of this Motion, Defendants state the following:

## **ARGUMENT**

In this action, Plaintiffs seek declaratory and injunctive relief against Defendants under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); the Privacy Act of 1974, 5 U.S.C. § 552a; and the Internal Revenue Code, 26 U.S.C. § 6103. *See* Compl. ¶ 1.  Specifically, Plaintiffs seek an order compelling the disclosure of records maintained by USAO and FBI.  *Id*. Plaintiffs allege that they are the victims of crimes that were investigated by the FBI and ultimately prosecuted by the USAO in *United States v. Mitjans*, et. al., 22-CR-60084-RS (S.D. Fla.). *Id*.

In a civil lawsuit currently pending in state court, Plaintiffs are suing defendants in the *Mitjans* criminal case. *Id*. at ¶¶ 22-25. In preparation for trial of that civil case, Plaintiffs issued subpoenas to the FBI and USAO for each Department of Justice component's case files and other information pertaining to the government's investigation and criminal prosecution in *Mitjans*. The USAO and the FBI, however, each objected to Plaintiffs' subpoena *duces tecum* on account of Plaintiffs' failure to comply with federal regulations governing the disclosure of government information known as *Touhy* regulations. *Id*. at ¶ 28.[1]

Under the Department of Justice's *Touhy* Regulations (which apply to both the USAO and FBI), a party seeking records or testimony from a DOJ employee must first submit a statement summarizing "the information sought and its relevance to the proceeding." 28 C.F.R. § 16.22(d). Once a party submits that statement, the DOJ must decide whether and to what extent to produce the requested information. 28 C.F.R. § 16.24. In addition to advising Plaintiffs of the need to comply with these requirements, the USAO additionally informed Plaintiffs' counsel that the existence of open warrants for fugitive defendants in the *Mitjans* criminal case would likely prevent compliance with the subpoena issued to the USAO. *Id*. The FBI additionally advised Plaintiffs' counsel that the agency could not release records concerning any third parties without the third party's consent or a court order authorizing the disclosure. *Id*. at ¶ 31.

---

[1]    In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), the U.S. Supreme Court upheld regulations allowing a federal agency to restrict its employees from testifying about information acquired in their official capacities in private litigation to which the United States is not a party. "The purpose of such regulations, which typically limit the occasions on which the government will produce documents or agency employees for testimony, is 'to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business.'" *Agility Public Warehousing Company K.S.C.P. v. U.S. Dept. of Defense*, 246 F.Supp.3d 34, 41 (D.D.C. 2017) (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)).

Instead of complying with the Justice Department's *Touhy* regulations and awaiting a response from each DOJ component, Plaintiffs filed this lawsuit under the Privacy Act, FOIA and the Internal Revenue Code.[2]  Plaintiffs, however, have not alleged any facts entitling them to relief under any of the statutes they invoke. Plaintiffs concede that they have not "adhere[d] to the administrative procedures for Privacy Act and FOIA requests." *See* Compl. at ¶ 32.  Plaintiffs do not even allege tendering a FOIA or Privacy Act request to either of the DOJ components sued. Plaintiffs allege, in conclusory fashion, that any such effort "would be futile and ultimately unsuccessful." *Id*. In this regard, Plaintiffs have failed to exhaust their administrative remedies as provided under FOIA and the Privacy Act and their lawsuit is premature and inappropriate.

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *see also* 5 U.S.C. § 552(a)(6).  "[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo*, 344 F.3d at 1258–59, quoting *Oglesby*, 920 F.2d at 61. FOIA's administrative scheme supports such a bar, and thus "requires each requestor to exhaust administrative remedies" prior to filing suit. *Hidalgo*, 344 F.3d at 1259, citing *Sinito v. DOJ*, 176 F.3d 512, 516 (D.C. Cir. 1999); *see*

---

[2] Plaintiffs allege in paragraph 33 of their Complaint that they "submitted their affidavit describing the nature of the [civil] litigation, the specific information requested, the relevance to of the information to the [civil] proceedings, and the scope of the testimony sought, to the FBI on or about September 8, 2025" – the same date Plaintiffs filed this lawsuit.  By filing suit on the same date as they allege to have submitted a *Touhy* statement to the FBI, Plaintiffs allowed no time for the agency to consider the request and render a determination pursuant to 28 C.F.R. § 16.24. Plaintiffs do not allege that they submitted a *Touhy* statement to the USAO.

*also Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress.").

FOIA authorizes district courts to enjoin federal agencies from withholding agency records and to order the production of any improperly withheld records (*see* 5 U.S.C. § 552(a)(4)(B)), but an agency's obligation "to search for and disclose all responsive records" is not triggered until it has received a request, *Ctr. for the Study of Servs. v. United States Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017), that "reasonably describes" the requested records and "is made in accordance with [the agency's] published rules," 5 U.S.C. § 552(a)(3)(A).

Under DOJ regulations, a FOIA or Privacy Act requester should "write directly to the FOIA office of the component that maintains the records being sought," 28 C.F.R. § 16.3(a), or if unsure, mail the request to DOJ's "FOIA/PA Mail Referral Unit, Justice Management Division," which would then "forward the request to the component(s) that it determines to be most likely to maintain the [requested] records," *id*. § 16.3 (a)(2); *see* § 16.41 (requiring same of Privacy Act requesters). DOJ has no obligation to respond to a FOIA request it has not received. *See Reynolds v. United States Dep't of Justice*, 2017 WL 1495932, at *2 (D.D.C. April 26, 2017).

Under FOIA, an agency has twenty days from its receipt of a proper request to determine if it will comply with the request, and it must notify the requestor of this decision.  5 U.S.C. § 552(a)(6)(A)(i). The agency's response should include its "determination of whether or not to comply with the request[,] the reasons for its decision[,]" and if the decision is adverse, notice of the requestor's right "to appeal to the head of the agency." *Oglesby*, 920 F.2d at 65. Once the agency responds, "the FOIA requestor must appeal to the head of the agency" before bringing suit. *Id*. The agency must then make a determination on the appeal within twenty days.  5 U.S.C. § 552(a)(6)(A)(ii).

Plaintiffs here admit that they did not follow *any* of the foregoing procedures – not even the submission of a FOIA or Privacy Act request. Instead, Plaintiffs' allegations reveal only that they attempted to seek testimony and records by issuing subpoenas to the USAO and FBI in their pending state court litigation, were alerted by both the USAO and FBI of the need to comply with the DOJ's *Touhy* regulations, and then failed to do so before bringing suit under FOIA and the Privacy Act.[3]  Plaintiffs' FOIA and Privacy Act claims are subject to dismissal for failing to state a claim under those statutes.[4]

## **CONCLUSION**

For the reasons provided above, Defendants move to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

JASON REDING QUINONES
UNITED STATES ATTORNEY

---

[3]     Under DOJ's *Touhy* regulations, an employee receiving a subpoena for testimony or records in connection with litigation to which the United States is not a party must notify the US Attorney for the district where the issuing authority is located. *See* 28 CFR §§ 16.22.  The US Attorney's Office must then consult with the official in charge of the DOJ bureau, division, office, or agency that was responsible for the collection, assembly, or other preparation of the material demanded or that, at the time the person whose testimony was demanded acquired the information in question, employed such person *See* 28 CFR § 16.24(a). By filing their complaint on the same day they allege to have provided FBI an affidavit complying with the DOJ's Touhy regulations, Plaintiffs guaranteed DOJ would not have an opportunity to follow the *Touhy* process.  Plaintiffs' claims of compliance are therefore hollow at best and misleading at worst.

[4]     Plaintiffs' claim under the Internal Revenue code fares no better.  In addition to FOIA and the Privacy Act, Plaintiff's complaint cites § 6103 of the Internal Revenue Code (26 U.S.C. § 6103). *See* Compl. ¶¶ 1, 46.  Section 6103 requires that tax returns and return information be kept confidential and not be disclosed by a federal officer or employee, with certain exceptions. The Internal Revenue Code provides a private right of action if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information . . . in violation of any provision of section 6103". *See* 26 U.S.C. § 7431(a).  Plaintiffs here do not allege an improper disclosure of tax return or return information actionable under the Internal Revenue Code.

s/ Carlos Raurell
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9243
Fla. Bar No. 529893
Email: carlos.raurell@usdoj.gov
*Counsel for Defendants*