UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14325-CV-MIDDLEBROOKS

DANIEL MCCRAVY and SOUTHFORK
TRANSPORTATION, LLC,

        Plaintiffs,

v.

UNITED STATES ATTORNEY'S OFFICE FOR
THE SOUTHERN DISTRICT OF FLORIDA and
FEDERAL BUREAU OF INVESTIGATION,

        Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss, filed on October 15, 2025. (DE 5). Plaintiffs filed their Response on December 30, 2025, (DE 11), and Defendants filed their Reply on December 31, 2025, (DE 12). For the following reasons, Defendants' Motion is granted, and this matter is dismissed.

## BACKGROUND

Plaintiffs bring this action for declaratory judgment and injunctive relief under the Privacy Act of 1974, 5 U.S.C. § 552a and 26 U.S.C. § 6103, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). *See generally* (DE 1). Plaintiffs seek a Court order compelling the Defendants to disclose records that pertain to Plaintiffs as victims in the criminal case *United States v. Mitjans, et al.*, 22-CR-60084-RS (S.D. Fla.) ("Criminal Case"). (*Id.*) Because this cause comes before the Court on a Motion to Dismiss, the Court accepts all facts in the Plaintiffs' Complaint as true and construes them in the light most favorable to the Plaintiffs. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Plaintiffs allege that in 2020 they were victims of a gasoline stealing scheme in which employees and independent contractors of Plaintiffs acted in concert to steal gasoline and sell it to third parties on the black market. (DE 1 ¶ 13). The Federal Bureau of Investigation ("FBI") conducted an investigation, and the United States Attorney's Office ("USAO") filed charges in the Southern District of Florida against Julio Mitjans, Kirk Russell, Carl Wallace, Damion McDonald, Yanko Rodriguez, Lazaro Agueros, Mario Yanes Nunez, and MD Golum Mahbub (collectively, the "Criminal Defendants") in the Criminal Case. (*Id.* ¶ 15). There are still open arrest warrants against Gilbert Miller and Verna Miller, who are fugitives believed to be residing outside of the United States. (*Id.* ¶ 17).

On July 14, 2022, the Criminal Defendants all pled guilty to the charges brought against them and submitted factual proffers in support of their guilty pleas. (*Id.* ¶ 18); *see also* (DE 1-5 at 28-74). Judgments were entered against, and criminal sentences imposed on the Criminal Defendants on September 23, 2022. (*Id.* ¶ 19); *see also* (DE 1-5 at 75-129). Restitution was ordered in the Criminal Case, but Plaintiffs have not received any restitution paid and continue to suffer financial harm. (*Id.* ¶ 21). As a result, Plaintiffs instituted a civil action against the Criminal Defendants and their related businesses, seeking damages for breach of contract, tortious interference with business relationships, violation of Sections 772.103 and 772.11, Florida Statutes, civil conspiracy, and fraudulent concealment, in the Nineteenth Judicial Circuit Court in and for Martin County, Florida. *See Southfork Transportation, LLC v. Highland Tank Lines, Inc., et. al.*, Case Number 2022000164CA ("Civil Case"). (*Id.* ¶¶ 22-23).

In the Civil Case, Plaintiffs issued a Subpoena Duces Tecum Without Deposition ("Records Subpoena") to the USAO, and a Subpoena Duces Tecum for Appearance at Trial ("Testimony Subpoena") to Angel Martinez, an employee of the FBI, requesting, amongst other

2

things, case files pertaining to their investigation, prosecution, indictment, and conviction of the Criminal Defendants in the fuel stealing scheme, transcripts of plea agreements, copies of video and audio surveillance recordings and surveillance logs, power point presentations produced as a result of the investigation, statistical analyses created by case agents and forensic accountants, all documents provided to defense counsel in the Criminal Case, and maps and overlays of all of the facilities and premises involved in the investigation, prosecution, indictment and conviction of the Criminal Defendants. (*Id.* ¶¶ 25-33); *see also* (DE 1-5 at 131-48).

The USAO responded to Plaintiffs' Records Subpoena indicating that it could not release the requested records because the Records Subpoena failed to comply with *Touhy* regulations and law enforcement privilege prevents the Defendants from turning over the records due to the open warrants for the fugitives. (*Id.* ¶¶ 28-29); *see also* (DE 1-5 at 139). The FBI responded to Plaintiffs' Testimony Subpoena, explaining that Plaintiffs must comply with the regulations governing disclosure of information, in 28 C.F.R. § 16.21 *et seq.* and 5 U.S.C. § 552a, and the FBI could not release any records without the notarized consent of each record subject or an order from federal court authorizing its disclosure. (*Id.* ¶¶ 30-31); *see also* (DE 1-5 at 147-48). Plaintiffs did not adhere to the administrative procedures for Privacy Act and FOIA requests, determining that such efforts "would be futile and ultimately unsuccessful." (*Id.* ¶ 32).

Thereafter, Plaintiffs filed the instant action, insisting that the requested records are critical to their prosecution of the Civil Case, the Defendants are the only agencies or individuals who possess these records, Plaintiffs will be prejudiced without these records, and Plaintiffs have no other recourse to obtain the records other than by seeking this Court's authorization. (*Id.* ¶¶ 36-41). Defendants move to dismiss Plaintiffs' Complaint, arguing that the Plaintiffs failed to exhaust

their administrative remedies before initiating the instant lawsuit by complying with *Touhy* regulations. *See* (DEs 5, 12).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd of Educ. V Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

4

## DISCUSSION

The disclosure of government records presently at issue is governed by 28 C.F.R. § 16.21 *et seq.*, 5 U.S.C. § 552, and 5 U.S.C. § 552a, regulations, known as *Touhy* regulations, which allow the Defendant agencies to restrict their employees from testifying about information or disclosing records acquired in their official capacities in private litigation in which the United States is not a party. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951). *See also Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

These regulations specify that the government shall not produce or disclose information unless the requesting party complies with the applicable provisions. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts.") (citations omitted). "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Id.* (citation omitted). *See also Bonilla v. U.S. Dep't of Just.*, 535 F. App'x 891, 892 (11th Cir. 2013) ("Although not a jurisdictional requirement, exhaustion of administrative remedies is a condition precedent to filing a suit in federal court.") (citations omitted).

Here, Plaintiffs admit to failing to exhaust their administrative remedies, stating that they "did not submit formal FOIA or Privacy Act requests prior to filing suit, contending that such administrative procedures would be futile given the agencies' explicit refusals and the imminent trial date." (DE 11 ¶ 8). A plaintiff's failure to present a request that comports with applicable Privacy Act regulations constitutes a failure to exhaust administrative remedies because, "as a technical matter, the [agency] never denied a properly framed request for access to records." *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 474 (5th Cir. 1997) (citations omitted).

5

While failure to exhaust administrative remedies alone is grounds for dismissal, the Defendants' Motion must be granted because the records requested fall within delineated statutory exceptions to disclosure. The *Touhy* regulations that govern are clear: "[a]mong the demands in response to which disclosure **will not be made** by any Department official are those demands with respect to which…[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(5) (emphasis added). *See also* 5 U.S.C. § 552(b)(7)(A) (same); § 552(c)(1).[1]

A two-step inquiry must therefore be made in determining whether the documents fall within the exception of §§ 16.26(b)(5) and 552(b)(7)(A): first, whether the material was gathered for law enforcement purposes; and second, whether the disclosure of the documents would interfere with enforcement proceedings. *See Levy v. Internal Revenue Serv.*, 531 F. Supp. 485, 487 (S.D. Fla. 1982). In the instant case, "Plaintiffs seek records maintained by the FBI and USAO, which include investigative files, forensic analyses, surveillance materials, plea agreements, and other documents relevant to the Criminal Case." (DE 11 ¶ 6). These records were undoubtedly gathered for law enforcement purposes, which Plaintiffs make clear in their Complaint, stating the requested information pertains to "the investigation, prosecution, indictment, and conviction of the Criminal Defendants[.]" (DE 1 ¶ 25). It is also clear from Plaintiffs' Complaint that disclosure of these records would interfere with enforcement proceedings. *See* (DE 1 ¶ 17). As Plaintiffs note in their Complaint, *see* (*id.*), and in both the Records Subpoena and Testimony Subpoena, *see* (DE 1-5 at 132, 143), there are still open arrest warrants against an additional two subjects who are

---

[1]     Additionally, an agency may not disclose any records without the prior written consent of each record subject unless disclosure of such record is pursuant to an order from a federal court authorizing the agency to disclose the requested records. *See* 5 U.S.C. § 552a(b)(12).

fugitives in the pending investigation against them. *Id.* As such, disclosure of the records likely will interfere with the ongoing investigation, prosecution, indictment, and conviction of the fugitive subjects. *See Levy,* 531 F. Supp. at 488.

## CONCLUSION

In sum, I find that the records requested fall within the delineated statutory exception to disclosure under the Privacy Act and Freedom of Information Act insofar as the records were compiled for law enforcement purposes and their disclosure would interfere with enforcement proceedings. 28 C.F.R. § 16.26(b)(5), 5 U.S.C. § 552(b)(7)(A).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.    Defendants' Motion (DE 5) is **GRANTED.**

2.    Plaintiffs' Complaint (DE 1) is **DISMISSED without prejudice.**

3.    The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as moot.

**SIGNED** in Chambers in West Palm Beach, Florida, this 11th day of March 2026.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of Record

7